IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| Heather Jefferson, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:10-cv-153 |
| City of Kennett, Missouri, | ) **JURY TRIAL** |
| | ) **DEMANDED** |
| Albert W. Fisher, in his individual and official capacities, | ) |
| Joe Stewart, in his individual and official capacities, | ) |
| Philip Caldwell, in his individual and official capacities, | ) |
| Allen Campbell, in his individual and official capacities, and | ) |
| Craig Moody, in his individual and official capacities, | ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff, Heather Jefferson, for her complaint against Defendant City of Kennett, Missouri, a municipality, and Albert W. Fisher, Joe Stewart, Philip Caldwell, Allen Campbell, and Craig Moody, in their individual and official capacities, states as follows:

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution against five police officers of the City of Kennett, Missouri, and the City of Kennett Missouri.

2. Plaintiff alleges that the individual police officer defendants made an unreasonable seizure of her person by using excessive force, thereby violating her rights under

the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

4. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the City of Kennett, Dunklin County, Missouri.  28 U.S.C. § 1391(b)(2).

5. Divisional venue is in the Southeastern Division because the claim for relief arose in Dunklin County.   E.D.Mo. L.R. 2.07(A)(3), (B)(2).

## PARTIES

6. Plaintiff, Heather Jefferson, is a resident of the State of Louisiana.  Plaintiff was formerly, and at the time of the events giving rise to this case was, known as Heather Ellis.

7. Defendants Albert W. Fisher, Joe Stewart, Philip Caldwell, Allen Campbell, and Craig Moody, were, at all times relevant to this Complaint, duly appointed and acting officers of the police department of the City of Kennett, acting under color of law, including under color of the statutes of the State of Missouri and the ordinances, regulations, policies, customs, and usages of the City of Kennett.

8. Defendant City of Kennett, Missouri, is a municipal corporation and, at all relevant times, the public employer of Defendants Fisher, Stewart, Caldwell, Campbell, and Moody.

## BACKGROUND

9. On or about January 6, 2007, at approximately 11:30 pm, Plaintiff and her cousin,

2

David Taylor, went to the Wal-Mart in Kennett to buy various sundries.

10. Another customer cut ahead of Plaintiff and Taylor in the checkout lane. That customer was checked out. Wal-Mart cashier Betsy Walls then skipped Plaintiff and Taylor again to serve another customer.

11. A brouhaha ensued with Plaintiff and other customers disagreeing about who had been next in line.

12. Walls called Defendant Moody, who was working at Wal-Mart that night and is a police officer of the City of Kennett, and Kay McDaniel, a Wal-Mart assistant manager.

13. As she approached the area, McDaniel angrily yelled at Plaintiff.

14. As Plaintiff continued to wait to be checked out, several more police officers arrived, including Defendants Fisher, Caldwell, Stewart, and Campbell.

15. Plaintiff was eventually permitted to pay for her items and proceeded to leave the store. The task of leaving was difficult because the police officers had partially blocked the end of the checkout lane.

16. Plaintiff exited the store. The police officers followed her.

17. Defendant Fisher followed Plaintiff at the closest distance. He taunted her with insulting language, including calling her a "stupid bitch" and "stupid idiot" as well as telling her to "go back to the ghetto."

18. Despite Defendant Fisher's taunts, Plaintiff kept walking toward her truck in the parking lot.

19. The police officers kept walking behind Plaintiff. Defendant Fisher was closest while Defendants Stewart, Caldwell, Campbell, and Moody straggled behind.

20. Suddenly and without warning, Defendant Fisher grabbed Plaintiff's left side and

yanked her backward with force. This caused a tear in Plaintiff's coat.

21. Defendant Fisher then grabbed Plaintiff by her hair and neck and dragged her along the parking lot. He pulled some of the extensions from her hair and made her feel like she was being strangled. She was not able to keep complete control of her body as he tossed her about and her limbs flailed.

22. Plaintiff screamed for help.

23. Defendants Stewart, Caldwell, Campbell, and Moody arrived in the area of the parking lot where Defendant Fisher was assaulting Plaintiff.

24. Defendants Stewart and Caldwell participated in the assault on Plaintiff.

25. Defendant Fisher, with the help of Defendants Stewart and Caldwell, dragged Plaintiff to a patrol car. Defendant Fisher intentionally banged her head repeatedly on the back hood of the patrol car, again removing hair extensions.

26. Defendants Campbell and Moody stood by but did nothing to assist Plaintiff.

27. Defendant Fisher next placed Plaintiff in handcuffs, intentionally tightening the handcuffs to cause unnecessary pain. This resulted in bruises on Plaintiff's wrists.

28. Defendants Stewart, Caldwell, Campbell, and Moody watched passively and did nothing.

29. Plaintiff was taken to the Dunklin County Jail. But Defendant Fisher was not finished abusing her.

30. At the jail, Defendant Fisher again dragged Plaintiff by her hair.

31. Plaintiff did not take any action toward or against Defendant Fisher, or any other police officer or individual, that would justify the force used by Defendants Fisher, Stewart, and Caldwell.

32.     The force used against Plaintiff was gratuitous, unnecessary, unreasonable, and excessive.

33.     At no time was Plaintiff intoxicated, incapacitated, or a threat to the safety of herself or others.

34.     No reasonable officer in the position of Defendants Fisher, Stewart, Caldwell, Campbell, or Moody would have feared for his safety.

35.     Reasonable officers in the place of Defendants Stewart, Caldwell, Campbell, and Moody would have known that Plaintiff's constitutional rights were being violated by Defendant Fisher and that they were obliged to intervene to protect her.

36.     At all times during the events described above, Defendants Fisher, Stewart, Caldwell, Campbell, and Moody were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support as well as the authority of their office to each other during the said events.

37.     As a direct and proximate result of the said acts and omissions described in this Complaint, Plaintiff suffered the following injuries and damages:

    a.     Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person; and

    b.     Physical pain and suffering and emotional trauma and suffering, including harm requiring the expenditure of money for treatment.

38.     The actions and omissions of Defendants Fisher, Stewart, Caldwell, Campbell, and Moody violated Plaintiff's clearly established federal constitutional right to be free from gratuitous, excessive, unreasonable, and unjustified force against her person.

39. Defendants' conduct was motivated by evil motive or intent or, in the alternative, involved reckless or callous indifference to Plaintiff's federally protected rights.

## COUNT I

*Violation of 42 U.S.C. § 1983*

*Against Defendants Fisher, Stewart, Caldwell, Campbell, and Moody,*

*in Their Official and Individual Capacities*

40. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth here.

41. Plaintiff claims compensatory and punitive damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Fisher, Stewart, Caldwell, Campbell, and Moody for violation of her constitutional rights under color of law.

## COUNT II

*Violation of 42 U.S.C. § 1983*

*Against Defendant City of Kennett*

42. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth here.

43. On and prior to January 7, 2007, the City of Kennett developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Kennett, which caused the violation of Plaintiff's rights.

44. It was the policy, custom, or both of the City of Kennett to inadequately and improperly investigate citizens' complaints of police misconduct; instead, acts of misconduct were tolerated by the City of Kennett.

45. It was the policy, custom, or both of the City of Kennett to inadequately supervise

6

and train its police officers, including Defendants Fisher, Stewart, Caldwell, Campbell, and Moody. As a result, the City of Kennett did not adequately discourage constitutional violations on the part of its police officers. The City did not require appropriate or adequate training of officers who were known, or should have been known, to have engaged in misconduct.

46. As a result of the policies and customs described herein, police officers of the City of Kennett, including Defendants Fisher, Stewart, Caldwell, Campbell, and Moody, believed that their actions, and inactions, would not be monitored properly by supervisory officers and that misconduct would not be investigated or punished adequately, but instead would be tolerated.

47. The policies and customs described herein demonstrate a deliberate indifference on the part of the policymakers of the City of Kennett to the constitutional rights of persons within the City of Kennett and were the cause of the violations of Plaintiff's rights alleged in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff compensatory and punitive damages against Defendants;

C. Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow Plaintiff such other and further relief to which she might be entitled.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT #518779
American Civil Liberties Union of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
e-mail: tony@aclu-em.org