IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Heather Jefferson, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:10-cv-000153-SNLJ |
| v. | ) | |
| | ) | |
| City of Kennett, Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF ALL DEFENDANTS EXCEPT ALBERT W. FISHER**

Defendants City of Kennett, Joe Stewart, Philip Caldwell, Allen Campbell, and Craig Moody state the following for their answer to plaintiff's complaint.

INTRODUCTION

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants deny the allegations contained in paragraph 2.

JURISDICTION AND VENUE

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5.

PARTIES

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except that defendants admit that plaintiff was formerly known as Heather Ellis.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

BACKGROUND

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendants admit that Betsy Walls contacted defendant Moody who was working that night at Wal-Mart and that defendant Moody is a police officer for the City of Kennett. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants admit that defendants Fisher, Caldwell, Stewart, and Campbell arrived at the Wal-Mart. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31 and further deny that defendants Fisher, Stewart, and Caldwell used force against plaintiff as alleged in the complaint.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37 and all subparagraphs thereof.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

COUNT I

40. In paragraph 40, plaintiff repeats, realleges, and incorporates by reference the allegations in the foregoing paragraphs of the complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

41. Defendants deny the allegations contained in paragraph 41.

DEFENSES

1. The allegations contained in plaintiff's complaint fail to state a claim upon which relief can be granted against defendants.

2. Plaintiff's claim against the individual defendants in their individual capacities is barred by the doctrine of qualified immunity, in that whatever actions, if any, defendants engaged in with reference to plaintiff were undertaken reasonably, and were not in violation of any clearly established right secured for plaintiff by the Constitution of the United States.

3. Plaintiff is estopped from denying that she disturbed the peace and that she resisted arrest by reason of plaintiff's guilty plea to both those charges entered in the case styled *State of Missouri v. Heather Ellis*.

4. Upon information and belief, plaintiff has failed to mitigate whatever damages, if any, plaintiff has incurred by reason of the matters alleged in plaintiff's complaint.

5. Plaintiff's claim for punitive damages against the individual defendants in their individual capacities violates the rights of those defendants to due process, equal protection, and freedom from excessive fines as secured by the Constitutions of the United States and the State of Missouri.

6. The individual defendants in their official capacities are immune from plaintiff's claim for punitive damages in that the official capacity claim is actually a claim against the City

of Kennett, a municipality, which is immune from plaintiff's claim for punitive damages in a civil action under 42 U.S.C. §1983.  See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

WHEREFORE, having fully answered Count I, defendants pray this Court enter its order dismissing Count I with prejudice, awarding defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and granting defendants such further relief as this Court deems proper.

## COUNT II

42. In paragraph 42, plaintiff repeats, realleges, and incorporates by reference the allegations in the foregoing paragraphs of the complaint.  Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

## DEFENSES

1. Defendants reallege and incorporate by reference paragraphs 1, 3, 4, and 6 of the defenses set forth in response to Count I.

2. Defendant City of Kennett is a municipality and as such is immune from plaintiff's claim for punitive damages in an action filed pursuant to 42 U.S.C. §1983.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

WHEREFORE, having fully answered Count II, defendants pray this Court enter its order dismissing Count II with prejudice, awarding defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and granting defendants such further relief as this Court deems proper.

        Respectfully submitted,

        KING, KREHBIEL, HELLMICH,
        HACKING & BORBONUS, LLC


By:    /s/ Robert J. Krehbiel
        ROBERT J. KREHBIEL #28616MO
        2000 South Hanley Road
        Saint Louis, MO  63144-1524
        Phone:  (314) 646-1110
        FAX:   (314) 646-1122
        E-Mail:  rkrehbiel@kkhhb.com
        *Attorneys for Defendants City of Kennett,*
        *Joe Stewart, Philip Caldwell, Allen*
        *Campbell, and Craig Moody*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2010 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Anthony E. Rothert
American Civil Liberties
Union of Eastern Missouri
454 Whittier Street
St. Louis, MO  63108
E-Mail: tony@aclu-em.org
**Attorney for Plaintiff**

        /s/ Robert J. Krehbiel